**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DEVENDER SINGH,

*Petitioner*,

v. No. 2:26-cv-02462-SMD-GBW

DORA CASTRO, *et al*.,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Devender Singh's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), filed on July 28, 2026. Doc. 1. Petitioner, a citizen of India, entered the United States without inspection at the U.S.-Mexico border on or about September 17, 2023. *Id.* at 2. He subsequently filed an asylum application. *Id.* at 4. Petitioner alleges that he has no criminal record. *See* Doc. 8 at 6.

On July 18, 2024, the Family Court of the State of New York, Nassau County found that Petitioner had been abandoned by his parents, appointed a guardian for him, and entered special findings satisfying the predicate requirements for Special Immigrant Juvenile ("SIJ") classification. Doc. 1 at 2.

In November 2025, Petitioner appeared voluntarily for his scheduled Immigration and Customs Enforcement ("ICE") check-in, where he was taken into custody. *Id.* at 4. Following Petitioner's transfer to the Otero County Processing Center, an immigration judge issued a removal order against him. *Id.* at 5. Petitioner then appealed to the Board of Immigration Appeals ("BIA"), arguing ineffective assistance of counsel in his brief. *Id.*

On December 17, 2025, Petitioner filed a petition for writ of habeas corpus in this Court to challenge the lawfulness of his detention.[1] *Id.* On January 30, 2026, this Court granted the petition, holding that § 1226 governs his detention and ordering a bond hearing. *Id.* The Court clarified that the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. *Id.*

On February 5, 2026, an immigration judge denied bond, finding that the Department of Homeland Security had demonstrated by clear and convincing evidence that Petitioner is a flight risk. *Id.* Specifically, the immigration judge found Petitioner to be a flight risk "due to his pending appeal of a Removal Order, his lack of US ties, and his manner of entry." *Id.*

On February 19, 2026, 14 days after the bond denial, United States Citizenship and Immigration Services ("USCIS") issued an approval notice for Petitioner's Form I-360, formally approving his petition for SIJ status under classification Class SL6. *Id.* This approval was not before the immigration judge at the time of the February 5, 2026 bond hearing. *Id.*

On February 26, 2026, Petitioner filed a motion to reopen bond proceedings based on a material change in circumstances, citing the I-360 approval. *Id.* On March 2, 2026, the immigration judge denied the motion to reopen, holding that it was "numerically barred" and "untimely," and failed to "specify errors of law or fact." *Id.* at 6. Petitioner argues that the immigration judge erred by denying his motion to reopen the bond proceedings. *Id.* at 9. On July 28, 2026, Petitioner filed the instant habeas petition. As of the date of this Order, he has been detained for approximately ten months, including seven months since his initial bond denial.

On August 4, 2026, the government filed an emergency motion to lift the order enjoining Petitioner's transfer, alleging that Petitioner has been scheduled for removal prior to August 14,

[1] *See Singh v. Noem*, No. 2:25-CV-01256-KG-JFR, 2026 WL 252466 (D.N.M. Jan. 30, 2026).

2026. Doc. 5 at 1. Petitioner filed a response to the emergency motion to lift on August 13, 2026. Doc. 8. The Court ordered the government to file a status report containing the following documents in support of its motion to lift the stay of removal: (1) the final order of removal, if not already docketed; (2) proof of notice to Petitioner; and (3) proof of a fear-based screening determination, similar to an asylum credible fear interview, proving Petitioner will not face inhumane treatment in that country. *See* Doc. 7. The Court also required the government to brief Petitioner's SIJ classification and address its impact on the Government's motion to lift the stay. *See id.* On August 14, 2026, the government moved to withdraw its emergency motion to lift the stay, conceding that Petitioner's appeal remains substantively pending before the BIA. Doc. 10 at 1. The government concedes that it cannot in good faith argue that Petitioner is subject to a final order of removal. *Id.* The Court granted the motion to withdraw. Doc. 12.

The government then filed an abbreviated response to Petitioner's Petition conceding that the recent Tenth Circuit ruling, *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), is binding on this Court. Doc. 11 at 1. They further concede that the facts of this case are not materially distinguishable from those in *Santillan Quiroz* regarding which statutory provision authorizes Petitioner's detention. *Id.* However, Respondents maintain that the proper remedy is to classify Petitioner under Section 1226 and order a standard bond hearing, rather than release him. *Id.*

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538

U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

### I. Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, which aligned with the vast majority of district courts in this circuit, in *Santillan Quiroz v. Mullin*, 180

F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247. Following *Santillan Quiroz*, Respondents' argument in favor of applying § 1225 to the present case has no merit.

II. The Special Immigrant Juvenile Classification

Congress amended the Immigration and Nationality Act ("INA") to provide for a "special immigrant category." *See* 8 U.S.C. § 1101(a)(27). *Francisco v. Dedos*, No. 1:25-CV-1229 MIS-GJF, 2026 WL 145456, at *6 (D.N.M. Jan. 20, 2026), *report and recommendation adopted*, No. 1:25-CV-1229 MIS-GJF, 2026 WL 300319 (D.N.M. Feb. 4, 2026). The category includes special immigrant juveniles, immigrants who are present in the United States and have been declared dependent on a state juvenile court and whose reunification with a parent "is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;" and for whom a determination has been made that it is not in their best interest to return to their country of origin. 8 U.S.C. § 1101(a)(27)(J)(i)-(ii).

The USCIS must then consent to classifying the petitioner as an SIJ after determining whether the request is bona fide. 8 C.F.R. § 204.11(b)(5). The USCIS may revoke an approved SIJ classification petition automatically if a juvenile court orders reunification with one or both parents, 8 C.F.R. § 204.11(j)(1)(i), or an administrative or judicial proceeding determines it is in the minor's best interest to be returned to his country of nationality, *id.* § 204.11(j)(1)(ii).

Otherwise, the USCIS may revoke after notice "for good and sufficient cause as provided in 8 CFR 205.2." *Id.* § 204.11(j)(2).

Petitioner argues that the immigration judge erred by failing to consider USCIS's approval of his SIJ status when denying his motion to reopen bond proceedings. However, to the extent the Petition seeks review of the immigration judge's order of removal or the subsequent bond denial, the Court lacks jurisdiction to grant such relief. Judicial review of a final order of removal lies exclusively with the courts of appeals pursuant to 8 U.S.C. § 1252(a)(5), (b)(9). *Ramos, v. Mullin*, No. 2:26-CV-1997-KG-SCY, 2026 WL 2546906, at *1 (D.N.M. Aug. 28, 2026). Furthermore, Section 1226(e) precludes review by this Court of the Immigration Judge's discretionary judgment. *Sanchez v. Ortiz*, 835 F. Supp. 3d 1196, 1200 (D.N.M. 2026).

Consequently, this Court cannot review the immigration judge's discretionary decision to deny bond or deny the motion to reopen, assuming the bond hearing comported with the Court's previous order regarding the burden of proof. The Court instead grants the Petition on due process grounds.

III. The Government's Detention of Petitioner Violates His Fifth Amendment Rights.

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore*, 538 U.S. at 527. As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. There is no evidence that Petitioner is a flight risk, a threat to the community, or that the Government has any interest whatsoever in his ongoing detention. The record shows that Petitioner has dutifully observed all immigration requirements while residing in the United States. The Government has therefore violated

Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026).

Generally, the remedy for determining that Respondents violated a petitioner's § 1226 rights would be to order an individualized bond hearing under § 1226(a). *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. 2025) (requiring bond hearing within seven days of decision after determining petitioner was entitled to bond hearing under § 1226). However, immediate release is appropriate where the government fails to articulate a legitimate interest in continued detention. Because the government has failed to do so here, immediate release is the proper remedy. *See Francisco*, 2026 WL 145456, at *11. Respondents remain free to subject Petitioner to appropriate release conditions and to continue ongoing removal proceedings, provided that they comport with due process.

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner on or before September 15, 2026;
3) Respondents **SHALL** facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or

copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures;

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**